UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:06CV-552-H

| | |
|---|---|
| STUART C. BRINLEY | PLAINTIFFS/APPELLANTS |
| and FREDERICK L. RADCLIFFE, JR. | |
| V. | |
| LPP MORTGAGE, LTD | DEFENDANT/APPELLEE |

**MEMORANDUM OPINION AND ORDER**

These consolidated bankruptcy cases come to the Court as appeals from the August 17, 2006 opinion and orders of Judge Stosberg of the United States Bankruptcy Court for the Western District of Kentucky. Both of these cases present complex factual and legal scenarios. Judge Stosberg ably examined these issues, analyzed a variety of approaches to them, and decided on the approach that best served the ends of justice. The Court finds that it cannot improve on Judge Stosberg's analysis and conclusions. Therefore, the Court affirms those rulings.

Appellant/Plaintiff Stuart C. Brinley's ("Brinley") case is representative of the issues considered by the Bankruptcy Court in both cases. Brinley filed for Chapter 7 bankruptcy on February 15, 2001. Brinley then moved to avoid a judgment lien held by PNC Bank; LPP Mortgage Inc. ("LPP") is the successor by assignment to PNC's judgment lien. At the time of his bankruptcy, Brinley owned a home at 1007 Johnson Farm Road, Louisville, Kentucky ("the Property"). The Property was valued at $280,000; there is a $180,000 undisputed first mortgage on the property; LPP held a judgment lien second in priority in the amount of $112,418.35; junior to LPP's lien, there is an $80,345.09 consensual mortgage; and the debtor claimed a $6,000

homestead exemption.

Brinley filed a motion to avoid LPP's judgment lien, and on May 24, 2002, the Bankruptcy Court held that LPP's lien was avoided in the amount of $18,418, leaving LPP with a judgment lien of $94,000 on the property. On October 21, 2002, the bankruptcy case was closed. Several appeals followed, eventually resulting in the Sixth Circuit ruling on March 22, 2005 that LPP's judgment lien was avoided in the amount of $98,763.44, leaving LPP's judgment lien surviving in the amount of $13,654.91. On June 22, 2005, the Bankruptcy Court entered an order in accordance with the Sixth Circuit's mandate, and on August 2, 2005, the Bankruptcy Court re-closed the case. On October 20, 2005, LPP filed a motion to reopen the bankruptcy case. LPP also filed a motion for an order finding the unencumbered equity created by the avoidance of its judgment lien be preserved for the bankruptcy estate pursuant to 11 U.S.C. § 551. The Bankruptcy Court granted both motions, and this appeal followed.

Under the scenario proposed by the debtor, Appellee's second motion would be denied and the $13,655 in additional equity beyond his homestead exemption that would result would flow directly to the debtor ($280,000 [home value] - $180,000 [first mortgage] - $80,345 [second mortgage] - $6,000 [homestead exemption] = $13,655). That is to say, under the debtor's scenario, the avoidance mandated by the Sixth Circuit's ruling would flow to the junior lienholder (the second mortgagee), and then the "leftover" avoidance would flow to the debtor. Under the scenario proposed by LPP, the avoidance mandated by the Sixth Circuit goes to the bankruptcy estate – just as it would have been if the Trustee had reached the same conclusion on the avoidance issue as the Sixth Circuit did in its ruling on March 22, 2005.

The legal issue here concerns a situation where property is "technically abandoned" but

the bankruptcy case is subsequently reopened. The question then becomes whether the abandonment

in that case is permanent, or whether the abandonment can be revoked. The Bankruptcy Court analyzed four different approaches to this complex issue, settling on that laid out by the Tenth Circuit in *In re Woods*, 173 F.3d 770 (10th Cir. 1999). In *Woods*, the Tenth Circuit concluded that bankruptcy courts should be guided by the principles set out in Fed. R. Civ. P. 60(b). *Woods*, 173 F.3d at 781. Rule 60(b) allows final judgments to be reopened for a variety of reasons. The Court is satisfied that the analysis by Judge Stosberg and that in *Woods* strikes the appropriate balance between finality for the bankruptcy petitioner on the one hand and fairness for creditors on the other hand.

      For these reasons, the Court will affirm the Bankruptcy Court's decisions. Being otherwise sufficiently advised,

      IT IS HEREBY ORDERED that Appellants' appeals from the judgment of the Bankruptcy Court is DENIED.

      This is a final order.

cc:    Counsel of Record